IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ALONZO HAMPTON,
ADC #137559                                                                                              PLAINTIFF

5:08CV00342BSM/HLJ

ARKANSAS DEPARTMENT
OF CORRECTION, et al.                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

1

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

I.  Introduction

This matter is before the Court on the defendants' motions to dismiss (DE ##21, 24). Plaintiff has filed responses in opposition to the motions (DE ##26, 27).

Plaintiff is a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC). He filed this action against defendants pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs. Specifically, plaintiff alleges defendants Gibson and Gonder (ADC employees) failed to transport him to the infirmary in accordance with doctor's instructions, which resulted in a fifty-nine-day delay in treatment, causing pain and mental anguish. Plaintiff alleges defendants Correctional Medical Services, Inc. (CMS) and Nurse Manes violated his rights to receive proper medical treatment when plaintiff's name was not placed on the list to see the doctor until twenty-five days after plaintiff was examined by defendant Manes. Plaintiff asks for monetary relief from defendants.

II.  Motions to Dismiss

A.  Medical Defendants

In support of their motion, defendants CMS and Manes state that plaintiffs' complaint against them should be dismissed for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Specifically, defendants state

plaintiff admits in his complaint that he did not exhaust his remedies as to these defendants, and therefore, his allegations in this action should be dismissed.

B.  Plaintiff's Response

In his response, plaintiff states he did not exhaust his remedies as to these defendants because he was unaware of the complete grievance procedures at the time, and that his allegations against them should not be dismissed as a result.

C.  ADC Defendants

In support of their motion, defendants Gibson and Gonder state plaintiff's claims against them should be dismissed because he has sued them in their official capacities only for money damages, and such is barred by the doctrine of sovereign immunity.  Defendants state the Eleventh Amendment bars a citizen from bringing suit in federal court against a state official sued in his or her official capacity for money damages, citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989), and Nix v. Norman, 879 F.2d 429, 431-32 (8th Cir. 1989).  In addition, defendant Gibson states plaintiff's allegations against him are based solely on his supervisory position as head of security, which is not an appropriate basis for liability under § 1983.  Defendants also state plaintiff's allegations against them fail to state a claim upon which relief may be granted, because plaintiff does not allege defendant Gonder was told by a doctor to transport plaintiff to the infirmary.  Finally, defendants state they are protected from liability by qualified immunity.

D.  Plaintiff's Response

Plaintiff states defendant Gonder is liable for his suffering because she failed to transport him to the infirmary per the doctor's instructions and defendant Gibson is liable because he is head of security and responsible for making sure that the transports of inmates take place in a timely and safe manner.

E.  Standard of Review

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1964-5 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).   A complaint must contain enough facts to state a claim to relief that is plausible on its face.  Twombly, supra, 127 S.Ct. at 1960.  See also Robbins v. Oklahoma, 2008 WL 747132 (10th Cir. March 21, 2008).

In addition, according to the PLRA,

> No action shall be brought with respect to prison conditions under
> section 1979 of the Revised Statutes of the United States (42 U.S.C.
> § 1983), or any other Federal law, by a prisoner confined in any jail,
> prison, or other correctional facility until such administrative remedies
> as are available are exhausted.

42 U.S.C. § 1997e(a).  The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, 121 S.CT. 1819, 1825 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  In addition, in Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), the Court held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" In Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "under the plain language

4

of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." Finally, in Jones v. Bock, 549 U.S.199, 218 (2007), the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." The Court in Jones also held that an inmate's exhaustion of some, but not all claims, does not warrant dismissal of the entire action.

F.  Analysis

    1) Medical Defendants

It is clear to the Court that plaintiff did not exhaust his administrative remedies against the medical defendants, as required by the PLRA. Although plaintiff states he failed to do so because he was unaware of the complete grievance procedure, he clearly states in his original and amended complaints that he did not exhaust as to the medical defendants, but he did exhaust as to the ADC defendants. Therefore, the Court finds that if plaintiff was sufficiently aware of the grievance procedure so as to exhaust his remedies against the ADC defendants, he was similarly aware in order to exhaust as to the medical defendants. Therefore, the Court finds plaintiff's claims against the medical defendants should be dismissed for failure to exhaust.

    2) ADC Defendants

Plaintiff filed an original and two amended complaints in this action. In all three complaints, he was provided the choice of suing defendants in their "official capacity only," "personal capacity only", or "both official and personal capacity." DE ##2, 5, 9. In all three of those complaints, plaintiff checked the box indicating he was suing defendants in their official capacity only. In addition, plaintiff does not indicate to the contrary in his response to defendants' motion. As defendants state in their motion, however, plaintiff's claims for money damages against

them in their official capacities are barred by the Eleventh Amendment. The United States Supreme Court held in <u>Will</u>, <u>supra</u>, that state officials acting in their official capacities are not persons within the meaning of § 1983, and therefore, a suit against the official is a suit against the state, which is prohibited. In light of such, the Court finds that plaintiff's claims for monetary relief against the ADC defendants should be dismissed. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motions to dismiss (DE ##21, 24) are hereby GRANTED.

IT IS SO ORDERED this 8th day of May, 2009.

*/s/ Henry L. Jones, Jr.*
_____
United States Magistrate Judge